# REPORTS OF CASES ADJUDGED

IN THE

# SUPREME COURT OF PORTO RICO

---

LÓPEZ, APPELLANT, v. REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

No. 473.—Decided January 10, 1921.

RECORD OF TITLE—THIRD PERSON—HEIRS.—The fact that an inheritance title to a community property is recorded in the names of the husband and a daughter as sole testamentary heirs does not prevent the recording of the sale of a parcel of the property made previously by the spouses. The purpose of article 17 of the Mortgage Law is to protect third persons and it is not applicable when the record has been made in the names of the heirs, who may be considered as the continuators of the personality of the predecessor in interest.

The facts are stated in the opinion.

*Mr. V. Polanco de Jesús* for the appellant.

The respondent appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

It appears from the books of the Registry of Property of Arecibo that, while married to Juana Sánchez, Valerio Colón Cordero purchased a property of ninety acres in the ward of Barahona, at a place known as Cobachuelas, of the municipality of Morovis. In the year 1911 they sold twenty-five acres of that property to María López, who presented her title deed in the registry of property for record in the year 1920 after Juana Sánchez had died, the record of the main property having been enlarged by a will in which she had made her husband, Valerio Colón, and their legitimate daughter, Valeria Colón Sánchez, her sole and

1

universal heirs according to law and in their corresponding proportional shares.

Taking as a basis the state of facts appearing from the registry, the registrar refused to record the title of María López on the ground that the property was then recorded in the names of persons distinct from the grantors.

Although article 17 of the Mortgage Law, cited by the registrar in his brief, provides that after any deed conveying the ownership or the possession of real property or of property rights therein shall have been recorded, or a cautionary notice thereof entered, no other deed of the same or a prior date conveying or encumbering the ownership of the same real property or property right can be recorded or entered, that statute is not applicable to the present case because the portion of the property belonging to Juana Sánchez was recorded in the names of her heirs and it can not be held that they, as such heirs, are persons distinct from the testator, inasmuch as the heirs are a continuation of the legal personality of their ancestor. The purpose of the said article is to protect third persons and the heirs have not that character. *Roig* v. *Registrar of Property,* 17 P. R. R. 918, cited in *Saldaña* v. *Registrar of Property,* 19 P. R. R. 124; *G. Martínez & Co.* v. *Roig,* 23 P. R. R. 426; *Fajardo Sugar Growers' Association* v. *Registrar of Humacao,* 25 P. R. R. 339.

As to the vendor Valerio Colón Cordero, of course he is not a distinct person from the one appearing in the registry.

The decision appealed from must be reversed and the record ordered.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.